UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TROY MANUEL,                        )
                                    )
    Plaintiff,                     )
                                    )
vs.                                 )      CAUSE NO. 3:08-CV-0069 PS
                                    )
OFFICER WESLEY GUY, *et al.*,       )
                                    )
    Defendants.                    )

## OPINION AND ORDER

This case is before the court on plaintiff Troy Manuel's motion for appointment of counsel. There is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7th Cir. 1993). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989). The decision to appoint counsel is within the sound discretion of district courts, *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Illinois Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989).

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Here, Chizum states that he has tried to obtain counsel on his own, so the court will proceed to review the second prong of the test.

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (footnote, quotation marks, citations omitted).

> There are no fixed requirements for determining a plaintiff's competence to litigate his own case; the judge will normally take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience. To the extent there is any evidence in the record bearing on the plaintiff's intellectual capacity and psychological history, this, too, would be relevant.

*Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). But the court noted that, "[w]e do not mean to suggest that any factor is necessary or conclusive, but have identified these factors as among those that would ordinarily be relevant to the analysis." *Pruitt v. Mote*, 503 F.3d 647, 655 n.9 (7th Cir. 2007) (en banc).

> To inform the decision, the judge should review any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff. We recognize that the volume of pro se prisoner cases is great, and in some cases--perhaps many cases--the record may be sparse. The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available

on the question.

*Pruitt v. Mote,* 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (footnote, quotation marks, citations omitted).

Nevertheless, "it is a fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Pruitt v. Mote,* 503 F.3d 647, 656 (7th Cir. 2007) (en banc) (quotation marks and citation omitted).

> The Supreme Court has also made it clear that a prisoner's right of access to the courts does not guarantee the effective presentation of his civil claims. The right of access to the courts protects prisoners from being shut out of court, it does not exist to enable the prisoner to litigate effectively once in court.

*Pruitt v. Mote,* 503 F.3d 647, 657 (7th Cir. 2007) (en banc) (footnote, quotation marks, citations and ellipsis omitted).

Here the record reflects that Manuel is literate and coherent. The nature of his claim is straightforward: were the three defendants deliberately indifferent in the actions they took (or did not take) when one of them hit him with a truck while he was walking on the prison grounds? Manuel's case does not involve "exceptional circumstances" and is not as complicated as he appears to believe, nor has the case been screened pursuant to 28 USC § 1915A. Manuel is aware of the facts of his case as they are within his personal experience and to date, he has articulated his claims quite plainly and has diligently proceeded with the case.

For the foregoing reasons, the court DENIES the plaintiff's motion for appointment of counsel (docket #4).

SO ORDERED.

Entered this 20th day of August, 2008.

                                             <u>S/Christopher A. Nuechterlein</u>
                                             Christopher A. Nuechterlein
                                             United States Magistrate Judge