# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| TROY MANUEL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 3:08-CV-0069 PS |
| GUY WESLEY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Plaintiff Troy Manuel, a prisoner currently confined at the Wabash Valley Correctional Facility, submitted a complaint pursuant to 42 U.S.C. § 1983, alleging that three correctional officers at the Miami Correctional Facility violated the Eighth Amendment's prohibition against cruel and unusual punishments when one of them ran over him with a vehicle and then the three officers tried to force him to get up. Pursuant to 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."*Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007)**.**

Manuel brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).

In his first claim, Manuel alleges that Officer:

> "Wesley Guy was sitting in a vehicle parked (not moving) as myself and other offenders were coming from chow. (2) (without warning) Officer Guy hit the gas coming right at me, Offender (Manuel) with his head down looking for something in the passengers side door. (3) the vehicle hit me knocking me to the ground ("with a lot of force") causing a lot of pain to my lower back also my right leg because the vehicle ran over my foot and my leg.

Complaint at p. 3.

If Officer Guy intentionally ran over the plaintiff with a state vehicle while on duty as a correctional officer, it would obviously state an Eighth Amendment claim against him. But if this was an accident and Officer Guy acted negligently in operating the motor vehicle, then it states no § 1983 claim. Negligence does not satisfy the "deliberate indifference" standard. *Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).

Section 1983 was intended to protect only rights guaranteed by federal law, and not to create tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d. 841, 849 (4th Cir. 1985). "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, [the plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [the plaintiff's] welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted.); *see also Reynolds v.*

*Powell*, 370 F.3d 1028, (10th Cir. 2004) (That prison officials allow a pool of water to collect on the floor does not constitute obduracy and wantonness on their part, or pose a serious risk to prisoners' welfare. "Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.").

Manuel does not specifically allege that Officer Guy intentionally ran over him, and the plaintiff's statements in his complaint do not give rise to a reasonable inference that Officer Guy intentionally injured him. According to the complaint, while Officer Guy was parked in a vehicle he put his head down and was looking for something on the passengers' side of the vehicle's floor and then the vehicle suddenly lurched forward and struck the plaintiff. This is consistent with Officer Guy negligently taking his foot off of the brake while he was reaching for something on the car floor rather than intentionally steering a moving vehicle toward the plaintiff with intent to injure him. This may well be a viable state law tort claim against Officer Guy, but it does not state an Eighth Amendment claim against him.

In his second claim, the plaintiff alleges that:

> (1) After about (5) five minutes Sgt. Vajda and Officer Rasmussen came to the scene in which both Sgt. Vajda and Officer Rasmussen tried to ("force") me to get up by pulling me by each arm, as Office Guy helped by grabbing the back of my head, as I screamed in pain, telling them they were hurting me they continued to use force. (2) I then saw an offender standing at the back of the vehicle, I screamed to him man you see what they're doing to me. (3) Once the officers saw him standing there they stopped and Officer Guy told him to leave, it was about 15 to 20 minutes before a signal 3000 was called.

Complaint at p. 3

Manuel states that Officers Vajda and Rasmussen tried to make him get up after he was injured. He asserts that this constituted "use of force" against him. Correctional officers' use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v.*

*McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a prison official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. at 321.

Although Manuel characterizes these officers' attempts to get him up after he was injured as a "use of force," it is certainly not a use of force in any traditional Eighth Amendment sense. According to the complaint, the officers attempted to help Manuel get up off the ground, but stopped when he complained. He does not assert that he suffered any actual further physical injury from the defendants' actions.

Applying the *Hudson v. McMillian* factors to this incident, the defendants' actions – to the extent what they did constituted a use of "force" at all – were initially justified, the officers used no more "force" than was necessary, they desisted when it became clear they were inflicting more pain on the plaintiff, and they inflicted no further physical injury on him. The defendants' actions are not the sort of obdurate or wanton behavior the Eighth Amendment protects against. It might have been better had the officers not attempted to move the plaintiff after he was injured and left him where he was for a doctor or nurse to evaluate him. But the complaint does not suggest that Shaw's injuries were so severe and obvious that a layperson would know not to attempt to help him get up off of the ground, and the facts presented in this portion of the complaint state no Eighth Amendment claim against these defendants.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to the plaintiff's right to bring a tort action in State court based on these claims.

**SO ORDERED**.

ENTERED: October 20, 2008

                                                 s/ Philip P. Simon
                                              Philip P. Simon, Judge
                                              United States District Court